IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARYAM ABDUS-SHAHID, :
    *Plaintiff pro se* : CIVIL ACTION
     :
v. :
     : NO. 17-2970
NATIONSTAR MORTGAGE, LLC, *et al.*:
    *Defendants* :

## MEMORANDUM

QUIÑONES ALEJANDRO, J.                             OCTOBER 2, 2017

    Plaintiff Maryam Abdus-Shahid brings this *pro se* civil action under the Fair Debt Collection Practices Act against Nationstar Mortgage, LLC, and Phelan Hallinan Diamond & Jones, LLP, the law firm that represented Nationstar in a state court foreclosure proceeding against Plaintiff. She seeks to proceed *in forma pauperis*. For the following reasons, this Court will grant Plaintiff leave to proceed *in forma pauperis,* and will dismiss her complaint, without prejudice, to her filing an amended complaint.

**I.    FACTS**

    PHH Mortgage Corporation, represented by Phelan Hallinan Diamond & Jones, LLP[1] ("PHDJ"), instituted state court foreclosure proceedings against Plaintiff on November 27, 2012, for the premises located at 1129 Duncan Avenue in Yeadon, Pennsylvania. Summary judgment was entered against Plaintiff in the foreclosure proceedings on August 12, 2014. Nationstar was assigned the mortgage on March 30, 2015, substituted as plaintiff in the foreclosure proceedings on May 14, 2015, and continued to retain PHDJ as its attorneys in those proceedings. An ejectment action was instituted in state court on August 3, 2015. On January 22, 2016, summary

---

    [1] During some of the state court foreclosure proceedings, Phelan Hallinan Diamond & Jones, LLP was known as Phelan Hallinan & Schmieg, LLP.

1

judgment was entered against plaintiff in the ejectment action and a writ of possession was issued. PHDJ submitted filings in state court to reissue the writ of possession on June 1, 2016 and November 17, 2016.

Plaintiff asserts that on June 1, 2016 and November 17, 2016, PHDJ sent her communications regarding the reissued writs of possession that violated Section 1692j(a) of the FDCPA. Plaintiff alleges that the communications were misleading for the following reasons: (1) PHDJ and its attorneys do not work for either PHH or Nationstar's legal departments; (2) PHDJ was retained only as a debt collector and not to enforce a mortgage lien or ejectment proceeding; (3) PHDJ and its attorneys falsely represented themselves as Nationstar's attorneys in the ejectment action by signing the complaint as "Attorney for Plaintiff;" (4) PHDJ's debt collection efforts after December 30, 2014 caused her to believe that PHDJ worked for Nationstar's legal department when they are not Nationstar employees; and (5) PHDJ and its attorneys deceptively misled her to believe that the attorney who signed the formal pleadings in the judicial actions worked for Nationstar and had authority to take legal action on its behalf. (Compl. ¶¶ 90–92, 110–12.)

Plaintiff further alleges that the June 1, 2016 and November 17, 2016 communications were false and misleading and violated Sections 1692e(5) and 1692e(10) of the FDCPA because PHDJ and its attorneys (1) threatened to evict her from the premises, even though it was not authorized to take an *in rem* judicial action against her because it is a debt collector; (2) threatened to take legal action against her "that was not intended to be taken;" and (3) sent communications that "contain[ed] false and misleading representations [through] deceptive means in an attempt to collect a debt from [her]. (*Id.* ¶¶ 45–47, 49–52, 55–60.) Plaintiff also alleges that PHDJ violated the FDCPA because it continued with legal proceedings as a debt

2

collector by selling her home at a sheriff sale, sent her debt collection communications, and continued with legal proceedings as debt collectors, even though she had received a federal court bankruptcy discharge on December 30, 2014. (*Id.* ¶¶ 63–70.) She primarily seeks $25,000 in statutory damages and $153,054 in actual damages pursuant to the FDCPA, as well as fees and costs. (*Id.*, WHEREFORE clause.)

## II. STANDARD OF REVIEW

This Court grants Plaintiff leave to proceed *in forma pauperis* because it appears she is incapable of paying the fees necessary to commence this action. Thus, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) a court must to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This rule requires a court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). Additionally, the court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by, Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As Plaintiff is proceeding *pro se*, this Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Statute of Limitations

As a threshold matter, this Court must address the FDCPA's statute of limitations and its application to Plaintiff's claims. Section 1692k(d) provides that FDCPA claims must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff filed her complaint on June 30, 2017. Therefore, Plaintiff's claims based on the June 1, 2016 communication are time-barred because the communication occurred more than one year before she filed the complaint.

To the extent Plaintiff is bringing claims based on Nationstar and PHDJ's pursuit of the state court foreclosure and ejectment proceedings—including claims based on allegations that they should not have moved forward with those proceedings in light of her bankruptcy—those claims are also time-barred. The one-year statute of limitations begins to run as of the filing or service of process in the "underlying collection action." *See Schaffhauser v. Citibank*, 340 F. App'x 128, 130–31 (3d Cir. 2009) (*per curiam*). Based on either the filing date or the date of service, such claims are time-barred because the state court proceedings were initiated in 2012.

Although Plaintiff's claims based on the November 17, 2016 communication are not time-barred, they fail to state a claim to relief for the reasons that follow.

### B. Failure to State a Claim

Plaintiff first asserts that the November 17, 2016 communication violated Section 1692j(a) of the FDCPA. Said section provides that

> [i]t is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

4

15 U.S.C. § 1692j(a). The complained-of communication, attached to the complaint as Exhibit J, is a *Praecipe* to Reissue Writ of Possession filed in state court by Vishal Dobaria, Esquire, whose signature block on the filing indicates that he is a Pennsylvania-licensed attorney "for Plaintiff" Nationstar, and that he works at Phelan Hallinan Diamond & Jones, LLP. (Compl. Ex. J.) The case caption on the filing, which includes the case number, clearly indicates that Nationstar is the plaintiff and that Maryam Abdus-Shahid is the defendant. The case caption and the filing also include the address for the property at issue in the foreclosure and ejectment proceedings. This filing would not create a "false belief" in Plaintiff because she would have known that it pertained to the state court proceedings in which Nationstar was the plaintiff, and that Nationstar was represented in those proceedings by lawyers with PHDJ.[2] Plaintiff is incorrect that PHDJ attorneys were not authorized to act on Nationstar's behalf simply because they work for PHDJ as Nationstar's retained counsel, as opposed to working in Nationstar's legal department. Her assertions that PHDJ could only collect debts and could not represent Nationstar in the foreclosure and ejectment proceedings are similarly baseless.

Plaintiff also alleges that the November 17, 2016 filing violates Section 1692e, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff specifically alleges violations of Section 1692e(5), which prohibits "threat[s] to take any action that cannot legally be taken or that is not intended to be taken," and Section 1692e(10), which prohibits

---

[2] In determining whether to dismiss a complaint, courts may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Based on a review of the state court docket in the foreclosure and ejectment actions, it appears that plaintiff represented herself, and thus she would have been aware that PHDJ attorneys represented Nationstar. *See Rhodes v. US Bank Nat'l Assoc.*, 238 F. Supp. 3d 648, 652 (E.D. Pa. 2017).

"[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* The November 17, 2016 filing does not violate these sections for the same reasons it did not violate Section 1692j. First, Plaintiff would have known that PHDJ represented Nationstar in the foreclosure and ejectment actions, and that it was acting as Nationstar's attorney in seeking to have the writ of possession reissued. Second, summary judgment was entered for Nationstar in the ejectment proceeding and it had obtained a writ of possession in January 2016. PHDJ, as Nationstar's attorneys, could legally seek to have the writ of possession reissued. Such action does not violate the FDCPA.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed. An appropriate order follows.